1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   RYAN R WEAR,                              CASE NO. C13-535-MJP

11                    Plaintiff,               ORDER GRANTING MOTION FOR
                                               SUMMARY JUDGMENT
12           v.

13   SIERRA PACIFIC MORTGAGE
     COMPANY, INC.,
14
                     Defendant.
15

16           This matter comes before the Court on Defendants' motion for summary judgment.  (Dkt.

17   No. 21.)  Plaintiff filed no opposition to the motion.  Having reviewed the motion, the reply (Dkt.

18   No. 24), and the entire record, the Court finds no genuine issues of material fact exist for trial

19   and GRANTS the motion.

20                                       **Background**

21           This case relates to the foreclosure of Plaintiff's home.  In June 2006, Plaintiff Ryan

22   Wear borrowed $375, 200 from Sierra Pacific Mortgage Company to buy a house in Marysville,

23   Wash.  (Dkt. No. 1-1 at 10-11.)  Wear executed a written promissory note ("Note").  (Id. at 12.)

24

In the Note, Wear agreed: "I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Dkt. No. 22 at 5-9.)

Wear also executed a written deed of trust, which secured the home. (Id.)  The Deed of Trust was recorded with the Snohomish County Auditor/Recorder's Office.  (Dkt. No. 1-1 at 12.) The Deed of Trust listed Wear as the borrower, Sierra Pacific as the Lender, Stewart Title as the Trustee, and MERS as the beneficiary.  (Dkt. No. 22 at 1.)  The terms and conditions contained in the deed of trust stated that if Wear defaulted on the loan, the lender could pursue foreclosure. (Id. at 15-18 ). Wear confirmed his agreement to these terms and conditions with his signature on the document.  (Id. at 22).

The Note changed ownership from Sierra Pacific to Residential Funding Corporation ("RFC") and from RFC to Deutsche Bank Trust Company Americas.  (Dkt. No. 22 at 1.)  After Sierra Pacific transferred the loan, an assignment of the Deed of Trust was recorded in August of 2011 to Deutsche Bank, with MERS acting as the nominee for Sierra.  (Id. at 28.)  Deutsche Bank then recorded an appointment of successor trustee, naming Northwest Trustee Services ("NWTS") as successor trustee.  (Id. at 29.)  It too was recorded in Snohomish County.  (Id.)

Wear evidently defaulted by failing to make regular monthly payments.  In October 2012, NWTS issued a notice of trustee sale.  (Id. at 30.)  No sale occurred.

Wear filed this case in Snohomish County Superior Court, suing Sierra Pacific, Deutsche Bank, GMAC Mortgage, and MERS for fraud, violations of Washington Consumer Protection Act, accounting, breach of fiduciary duty, violations of the Fair Debt Collection Practices Act, breach of the implied duty of good faith and fair dealing, and seeking to avoid the contract (the

1   Deed of Trust), to quiet title, and for declaratory judgment.  (Dkt. No. 1.)  Defendants removed

2   the case to federal court in March 2013.  (Id.)  Without any opposition from Wear, this Court

3   granted Sierra Pacific's motion for summary judgment.  (Dkt. No. 20.)

4        The remaining Defendants, Deutsche Bank, GMAC, and MERS move for summary

5   judgment.  (Dkt. No. 21.)  Again, Plaintiff files no opposition.

6                  **Discussion**

7    A.  Summary Judgment Standard

8        Summary judgment is appropriate when, viewing the facts in the light most favorable to

9   the nonmoving party, there is no genuine dispute as to any material fact that would preclude the

10   entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d

11   841, 846 (9th Cir. 2012).  The party seeking summary dismissal of the case "bears the initial

12   responsibility of informing the district court of the basis for its motion"  and must identify and

13   materials in the record that show the absence of a genuine issue of material fact Celotex Corp. v.

14   Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, it is entitled to

15   summary judgment if the non-moving party fails to identify specific factual disputes that must be

16   resolved at trial.  Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).

17    1.  Fraud

18        The nine elements of fraud are: (1) representation of an existing fact, (2) materiality, (3)

19   falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted

20   upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of

21   the representation, (8) plaintiff's right to rely upon it, and (9) damages suffered by the plaintiff.

22   Stiley v. Block, 130 Wn.2d 486, 505 (1996).  In order to survive a dismissal for inadequacy

23   under Rule 9(b), "a Complaint needs to state the time, place, and specific content of the false

24

1    representations as well as the identities of the parties to the misrepresentation." Edwards v.

2    Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004).

3         Plaintiff claim is for fraud is limited: "[e]ach of Plaintiff's payments made on the Loan to

4    Sierra when it asserted a right to service the Loan on behalf of Deutsche…were made to an entity

5    that did not have a legal or equitable right to receive those payments," and that "Sierra and

6    Deutsche intended that Plaintiff rely upon their silence as to who the true entity was that was

7    entitled to receive payment on the Loan, so that Plaintiff would continue to make monthly

8    payments to them ..."  (Dkt. No. 1-1 at 14.)   Plaintiff does not state when or where these

9    fraudulent activities took place. Furthermore, Plaintiff does not offer any specific facts that

10   indicate why or how he has reason to believe that Defendants were not entitled to collect its

11   mortgage payments.  Additionally, at the beginning of his complaint, Plaintiff pleads generally

12   about the alleged "almost universal practice" of banks not correctly filing and recording

13   assignments of notes.  However, he states no facts to support this allegation.  For example,

14   Plaintiff does not allege that he asked Deutsche Bank for proof that it physically and/or legally

15   held the Note before it recorded a Notice of Trustee's Sale for Plaintiff's property and that he was

16   denied such proof.

17        No genuine issue of material fact exists on Plaintiff's fraud/material representation claim

18   for trial.  First, the complaint fails under rule 9(b).  Second, the Note permitted Sierra to transfer

19   to the loan to another entity.  (Dkt. No. 22 at 5.)  And, the information given to Wear by Sierra

20   when the Note was executed informed him that it would likely transfer the loan to another entity.

21   Apart from failing to show any material misrepresentation, Plaintiff also fails to allege any

22   damage suffered from the supposed fraudulent act.

23        The Court grants Defendants' motion as to the fraud/misrepresentation claim.

24

2.   <u>Consumer Protection Act</u>

To state a claim under the Washington Consumer Protection Act, a party must show: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) injury to plaintiff's business or property; and (5) causation.  <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.</u>, 105 Wn. 2d 778, 780 (1986).

Plaintiff alleges that the Defendants created and filed false assignments the Note and Deed of Trust and ultimately initiated non judicial foreclosure actions without having acquired any legal interest in the property.   (Dkt. No. 1-1 at 15.)  Plaintiff also alleges that Defendants collected payments to which they were not entitled, and failed to inform Plaintiff of the true ownership of the loan and Deed of Trust.  (<u>Id.</u>)  Defendants argue that Plaintiff failed to identify any unfair or deceptive act, the alleged unfair or deceptive acts had no impact on the public interest, and no injury was caused by Defendants alleged conduct.  (Dkt. No. 21 at 6-9.)

An analysis of the first three elements of a CPA claim is unnecessary because Plaintiff fails to show any genuine issue of material fact as to injury.  A CPA claim must show that there is a causal link between the alleged misrepresentation or deceptive practice and the purported injury.  <u>Hangman</u>, 105 Wn.2d at 793.  "[T]he term 'proximate cause' means a cause which in direct sequence unbroken by any superseding cause, produces the injury [or] event complained of and without which such injury [or] event would not have happened."  <u>Schnall v. AT & T Wireless Servs., Inc.</u>, 171 Wn.2d 260, 278 (2011) (quoting 6 Washington Practice: Washington Pattern Jury Instructions; Civil 15.01 at 181 (5th ed.2005)).   The only injury identified by Plaintiff is the pending foreclosure of his home.  But, Plaintiff alleges no facts that demonstrate that "but for" the alleged conduct of the Defendants, Plaintiff's home would not be threatened with foreclosure.  Also, Plaintiff does not allege any facts that demonstrate any injuries that arose

1  as a result of Plaintiff making mortgage payments to GMAC or Deutsche Bank. Furthermore,

2  Plaintiff does not claim that any action by the Defendants caused or induced Plaintiff to default

3  on the loan, or that no party was entitled to foreclose on his property. Therefore, regardless of

4  who the actual beneficiary was that had the right to foreclose on the property, Plaintiff's property

5  would still face foreclosure.

6      For these reasons, Plaintiff's CPA claim is dismissed.

7      3.  Accounting

8      To state a cause of action for an accounting, a plaintiff must establish: "(1) a fiduciary

9  relation existed between the parties, or that the account is so complicated that it cannot be

10  conveniently taken in an action at law; and (2) the plaintiff has demanded an accounting from the

11  defendant and the defendant has refused to render it."  State v. Taylor, 58 Wn.2d 252, 262

12  (1961).

13      Wear's accounting claim lacks any genuine factual dispute for trial because there is no

14  evidence or argument on the following: (1) a fiduciary relationship exists, (2) a complicated

15  account exists, or (3) he requested an accounting, which Defendants refused. Therefore, the

16  Court grants Defendants' motion on this cause of action.

17      4.  Avoidance of Contract on Doctrine of Impossibility

18      The doctrine of impossibility may excuse a party from performing under a contract where

19  performance is impossible or impracticable due to extreme and unreasonable difficulty, expense,

20  injury or loss.  Thornton v. Interstate Securities Co., 35 Wn. App. 19, 30 (1983).  However,

21  "[t]he mere fact that a contract's performance becomes more difficult or expensive than

22  originally anticipated, does not justify setting it aside."  Id.   Moreover, the event which renders

23

24

1   performance impossible must be fortuitous and unavoidable on the part of the promisor.

2   Metropolitan Park Dist. Of Tacoma v. Griffith, 106 Wn.2d 425, 440 (1986).

3          Plaintiff seeks to avoid his loan obligations under the doctrine of impossibility: he alleges

4   Defendants should have known he would be unable to pay on it.  (Dkt. No. 1-1 at 16-17.)

5   Plaintiff however fails to show the court anything, beyond mere allegations.  The complaint is

6   full or generalized statements as to the practice of lenders who assess through underwriting the

7   likelihood that a loan will be repaid.  (Id. at 17-18.)  This is insufficient to show it was

8   impossible for Wear to have fulfilled his obligations under the Note.  Thornton, 35 Wn. App. At

9   30 ("Subjective inability to perform (e.g., although it is possible this promise can be kept, I

10  cannot) does not excuse performance.").

11         The Court dismisses Plaintiffs claim as to the contract being void due to impossibility.

12      5.   Breach of Fiduciary Duty

13         Plaintiff asserts a claim against GMAC and Deutsche Bank alleging they breached their

14  fiduciary duties to him.  Plaintiff offers no legal or factual basis for finding that Defendants owed

15  him a fiduciary duty.  Nor is there any material fact showing Defendants breached that duty.  The

16  claim is dismissed.

17      6.   Fair Debt Collection Practices Act

18         Plaintiff alleges that the Defendants fall within the definition of "debt collector" under

19  the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) and have violated said Act

20  by attempting to collect payments they were not legally entitled to collect.  (Dkt. No. 1-1 at 22.)

21  Defendants argue that non judicial foreclosure on a deed of trust is not equivalent to debt

22  collection under the FDCPA.   (Dkt. No. 21 at 12.)  The Court agrees with Defendants and

23  dismisses the FDCPA claim.

24

The Fair Debt Collection Practices Act defines a "debt collector" as:

Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ... For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15. U.S.C. § 1692a(6).

"Debt" is defined as:

 [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Courts have routinely held that foreclosure does not constitute "debt collection" under the FDCPA.  Roman v. Northwest Trustee Services, Inc., 2010 WL 5146593 (W.D.Wash. Dec.13, 2010), quoting Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money.  The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor.  But, foreclosing on a trust deed is an entirely different path.  Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.").

As Defendants' actions do not fall within the meaning of "debt collection" under 15 U.S.C. § 1692, Plaintiff's FDCPA claim is dismissed.

7. Avoidance of Contract –Unconscionability

Whether an agreement is unconscionable is a question of law for the court.  McKee v. AT & T Corp., 164 Wn.2d 372, 396 (2008).  Washington law recognizes two variants of

1    unconscionability: substantive and procedural.  Substantive unconscionability, which may arise

2    where a clause or term in the contract is one-sided or overly harsh, is sufficient of itself to

3    support a finding of unconscionability.  Adler v. Fred Lind Manor, 153 Wn.2d 331, 346–47

4    (2004).  Such harshness, according to the Washington Supreme Court, "must truly stand out,"

5    and might be labeled "shocking to the conscience," "monstrously harsh," or "exceedingly

6    calloused."  Torgerson v. One Lincoln Tower, LLC, 166 Wn.2d 510, 519 (2009).  Procedural

7    unconscionability, on the other hand, may arise where the bargaining process was unfair and the

8    party lacked a meaningful choice in entering into the contract.  Zuver v. Airtouch

9    Communications, Inc., 153 Wn.2d 293, 304-07 (2004).  Relevant to such an inquiry are the

10   manner in which the contract was concluded, whether each party had a reasonable opportunity to

11   understand the terms of the contract, and whether important terms were hidden in fine print.

12   Torgerson, 166 Wn.2d at 518–19.

13        Plaintiff has not established a basis for a finding of unconscionability.  He identifies no

14   term in the contract that could be labeled substantively unconscionable.  Nor does Plaintiff

15   identify any basis for the Court to find procedural unconscionability.  The Court therefore

16   dismisses this claim.

17        8.  Good faith and Fair Dealing

18        "There is in every contract an implied duty of good faith and fair dealing. This duty

19   obligates the parties to cooperate with each other so that each may obtain the full benefit of

20   performance."  Badgett v. Security State Bank, 116 Wn.2d 563 (1991).  This duty, however, does

21   not "inject substantive terms into the parties' contract," nor does it "extend to obligate a party to

22   accept a material change in the terms of its contract."  Id.  Rather, the duty "requires only that the

23   parties perform in good faith the obligations imposed by their agreement."  Id.  Accordingly, the

24

1 | duty is not "free-floating," but "exists only in relation to performance of a specific contract

2 | term." Id.

3 |       Plaintiff alleges that various Defendants breached this implied covenant of good faith by

4 | failing to disclose material terms of the loan, falsification of loan documents, "placing Plaintiff

5 | into the Loan without a realistic test for his ability to pay," and offering him a product he was

6 | "not well suited for." (Dkt. No. 1-1 at 25.) Plaintiff, however, fails to identify which terms of

7 | the loan give rise to his claim. Therefore, he has failed to state a cognizable legal claim. See, e.g.,

8 | Chapel v. BAC Home Loans Serv., LP, 2012 WL 727135, at *4 (W.D.Wash. Mar.6, 2012)

9 | (dismissing claim "based on [Plaintiff's] failure to show which terms of the contract give rise to a

10 | claim for breach of the duty of good faith and fair dealing."); Gossen v. JPMorgan Chase Bank,

11 | 2011 WL 4939828, at *7 (W.D.Wash. Oct.18, 2011) (dismissing claim for breach of duty of

12 | good faith and fair dealing because plaintiffs "fail[ed] to identify any contract provision that [the

13 | bank] or [the trustee] failed to perform"). Nor does the record contain any factual dispute for

14 | trial. This claim also fails.

15 |     9. Rescission

16 |       Plaintiff also includes a claim for rescission. This is a remedy and not a cause of action.

17 | Kwai Ling Chan v. Chase Home Loans, Inc., 2012 WL 1252649 at *3–4 (W.D.Wash. Apr.13,

18 | 2012) (dismissing claims for "rescission" and "injunction" and collecting supporting case law).

19 | The claim is dismissed.

20 |     10. Quiet Title

21 |       In Washington, quiet title and cloud of title actions are governed by RCW 7.28.010.

22 | RCW 7.28.010 requires that a person seeking to quiet title establish a valid subsisting interest in

23 | property and a right to possession thereof. "The plaintiff in an action to quiet title must succeed

24 |

1  on the strength of his own title and not on the weakness of his adversary." <u>Desimone v. Spence</u>,

2  51 Wn.2d 412 (1957).  Accordingly, to "maintain a quiet title action against a mortgagee, a

3  plaintiff must first pay the outstanding debt on which the subject mortgage is based." <u>Kwai Ling</u>

4  <u>Chan v. Chase Home Loans Inc</u>., 2012 WL 1252649 (W.D.Wash. Apr.13, 2012).

5      Plaintiff does not contend that he paid the debt owed on the Note. To the contrary, the

6  record shows that he defaulted on the loan. Therefore, court dismisses Plaintiff's quiet title

7  claim.

8      11. <u>Declaratory Judgment</u>

9      Under Washington's Declaratory Judgment Act, courts are authorized to "declare rights,

10  status and other legal relations." <u>Nollette v. Christianson</u>, 115 Wn.2d 594, 598 (1990). Absent

11  major issues of public importance, a justiciable controversy must exist before a court's

12  jurisdiction may be invoked under the act. <u>Kitsap County v. Smith</u>, 143 Wn. App. 893, 902-903

13  (2008). For a declaratory judgment, a justicibable controversy is "… an actual, present and

14  existing dispute, or the mature seeds of one, as distinguished from a possible, dormant,

15  hypothetical, speculative or moot disagreement…" <u>Id</u>., quoting <u>Nollette</u>, 115 Wn.2d at 599.

16      Plaintiff fails to show there is any basis for a declaratory judgment because no case or

17  controversy exists.  The Court has already rejected the theories underpinning Plaintiff's request

18  for a declaratory judgment.  As such, this claim too is dismissed.

19                          **Conclusion**

20      Because no genuine issue of material fact exists for trial, the Court GRANTS the motion

21  for summary judgment.  (Dkt. No. 21.)

22  //

23  //

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 11

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this <u>12th</u> day of November, 2013.

3

4                                        Marsha J. Pechman
                                         Chief United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 12